## Lenker v. Boyer

*Carl Rice* and *Sidney J. Apfelbaum*, for plaintiff.
*Isaac J. Tressler*, for defendant.

TROUTMAN, J., March 17, 1952.—This case comes before the court on preliminary objections filed by plaintiff to a counterclaim pleaded by defendant in his answer. The action is in trespass. The counterclaim is in assumpsit. The preliminary objections are

in the nature of a motion to strike off the counterclaim and a demurrer to the counterclaim.

The complaint avers that plaintiff was a tenant of defendant, who is the owner of a farm situate in Lower Mahony Township, Northumberland County, Pa., under an agreement for farming on shares for the period from April 1, 1950, to April 1, 1951, and that by the terms of the agreement, the tenant was to farm on shares, the landlord to furnish all fertilizer, pay all taxes, and the landlord and tenant each to pay half of the seed, the tenant to sow the seed and cut the grain when it matured, the cut and harvested grain to be divided one half to the landlord and one half to the tenant, and the tenant to receive the same proportion of any waygoing crop.

Plaintiff avers that as such tenant, in the fall of 1950, he sowed a crop of winter wheat in 18 acres of land and that on or about July 10, 1950, plaintiff as tenant received a notice to vacate the premises in the following spring and that in accordance with this notice, he did vacate the premises on March 19, 1951; that on July 12, 1951, plaintiff received a notice from defendant that he claimed the full crop of wheat, and that when plaintiff visited the farm for the purpose of cutting the crop of wheat, which was then matured, defendant with force and threats prevented plaintiff from cutting the crop. Subsequent to July 12, 1951, defendant cut and threshed the crop of wheat and appropriated the full crop to his own use and refused to deliver to plaintiff his half of the wheat in accordance with the terms of the agreement, all of which was to the damage of plaintiff. The estimated quantity of wheat threshed is 432 bushels, one half of which, or 216 bushels, the alleged property of plaintiff, was converted by defendant to his own use.

Defendant filed an answer to the first three paragraphs of the complaint but filed no answer to the aver-

ments in the complaint which are the basis of the cause of action, which are contained in paragraphs 4 to 13, inclusive, of the complaint but put the same at issue under the provisions of Rule 1045(b) of the Rules of Civil Procedure. Defendant filed a counterclaim for breach of an alleged agreement between the parties. The counterclaim sets forth that plaintiff was a tenant under an oral agreement to work the farm on shares and that the implied terms of the agreement were that plaintiff was to work, manage and cultivate the farm in an honest, good and husbandlike manner according to the prevailing course of good husbandry and management in the neighborhood and keep the premises in a good state of repair. The counterclaim alleges that plaintiff failed to farm in a husbandlike manner, did not remove manure from the buildings, caused the dwelling house to be damaged by people whom he permitted to occupy the premises without the permission of defendant and failed to harvest the hay crop and failed to properly cultivate the 1950 corn crop, as a result of which defendant suffered damages.

The situation raised by the pleadings in this case shows that the claim of plaintiff is in trespass, being an action to recover damages arising from the conversion of property by defendant which plaintiff claims to be his own. The counterclaim in fact avers conduct on the part of plaintiff which, if proved as alleged, would show a breach of covenant on the part of plaintiff and sounds in assumpsit: Walch v. Capriotty, 65 D. & C. 48.

In support of his preliminary objection in the nature of a motion to strike off the counterclaim, plaintiff assigns four reasons which are to the effect that the counterclaim does not arise from the same transaction or occurrence or series of transactions or occurrences from which plaintiff's cause of action arose and, therefore, since the claim of plaintiff is on a cause of action

against defendant in trover for conversion, the counterclaim, being in assumpsit for breach of an alleged contract, cannot be pleaded in such an action of trespass.

Rule 1046 of the Rules of Civil Procedure authorizes defendant in a trespass action to assert certain counterclaims against plaintiff. The rule provides that: "A defendant may plead a counterclaim which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose."

The assertion of a counterclaim is limited only by the qualification that it arose from the same factual background as that from which plaintiff's cause of action arose. Unlike the procedure under the Practice Act of May 14, 1915, P. L. 483, as amended, the counterclaim is not restricted to a claim based on negligence in an action brought against defendant on a cause of action based on negligence. Defendant is likewise not even limited by a requirement that the counterclaim itself be a trespass claim. If the fact situation is such that an assumpsit claim arose in favor of defendant from the same factual background which gave rise to plaintiff's cause of action defendant may assert this counterclaim: Jones v. Auto Rental Company, 63 D. & C. 207; Reo Motors, Inc., v. Wolf et al., 70 D. & C. 463. See also Anderson, Pennsylvania Civil Practice, vol. 2, page 680, and Goodrich-Amram Civil Practice, pages 142, 207.

Clearly, if defendant's counterclaim arises from the same transaction or occurrence or series of transactions or occurrences from which plaintiff's cause of action arose, the pleading of the counterclaim is not objectionable even though it may sound in assumpsit. In the complaint, plaintiff bases his right to recover in an action in the nature of trover for conversion on an agreement made between plaintiff and defendant

under which plaintiff was to farm the lands of defendant on a crop sharing basis and by virtue of such agreement claims his share of the waygoing crop in his action in trespass. In his counterclaim, defendant alleges such an agreement made with plaintiff and further avers that there is implied in his agreement certain obligations on the part of defendant to farm the lands in a competent manner and take care of the property included in the agreement. The complaint does not aver whether the lease agreement was oral or in writing. Under such circumstances, the fair inference is that the agreement was oral.

We are of the opinion that the averments contained in the counterclaim arise from the same transaction from which plaintiff's cause of action arose. The transaction referred to in the rule is not necessarily confined by the facts stated in the complaint, but defendant may set up new facts, and show the entire transaction, and counterclaim upon that state of facts as the transaction upon which plaintiff's claim is founded. The transaction refers not only to an occurrence or act, but to commercial or business transactions or dealing, something in the nature of a contract or a series of contracts with respect to the same business or subject matter: 47 Am. Jur. 742, 743, §44.

In support of his preliminary objection in the nature of a demurrer, plaintiff assigns as a reason therefor that the counterclaim alleges an implied contract which cannot be the basis of any charge of any setoff or counterclaim against the provisions of the express contract between the parties as pleaded in the complaint. The complaint avers a contract between plaintiff and defendant to farm on shares but does not allege whether the contract is oral or in writing. The counterclaim avers that plaintiff was a tenant of defendant under an oral agreement to work the farm on shares. In paragraph 5 of the counterclaim defendant alleges

that there were certain implied terms contained in the agreement, enumerating them. Both parties aver an agreement to farm on shares but defendant, in his counterclaim, avers that such an agreement implies therein that the tenant shall do or not do certain things and, in effect, alleges a custom in relation to a tenancy of such a nature.

We are of the opinion that such averments are sufficient to show a cause of action in defendant's counterclaim. Whether defendant can prove the matters which he alleges will be a matter to be considered upon the trial of the issues. Defendant does not set up a new contract but simply avers that because of the contract which plaintiff avers existed between plaintiff and defendant, plaintiff has covenanted to perform and to refrain from doing certain acts.

The allegations that plaintiff permitted others to occupy the tenant house and as a result of such occupancy damages were sustained, are sufficiently pleaded. The basis of defendant's claim is that plaintiff covenanted to keep the property in a good state of repair and by permitting others to destroy the property broke his covenant with the landlord.

We are of the opinion that the allegations set forth in the counterclaim arise out of the same transaction as give rise to the claim of plaintiff against defendant and in the interest of expediting litigation and preventing the filing of another suit and the holding of a second trial, the counterclaim should be allowed.

Therefore, plaintiff's preliminary objections must be overruled.

### Order

And now, to wit, March 17, 1952, plaintiff's preliminary objections are hereby overruled and leave is granted plaintiff to file a reply to the counterclaim within 20 days from the date hereof.